## SUPREME COURT.

WILLIAM H. PALMER and another agt. HENRY S. RANKEN and others.

*Appeal — when will not be dismissed for failure to make case — Costs — in equity action — when court will not review the granting of.*

An appeal will not be dismissed where the printed papers contain the judgment roll and exceptions, although no case is made.

On such appeal the court will not review the granting of costs in an equity action tried before a referee, unless the evidence is presented in a case, no matter how strong an equity the facts found make against the propriety of granting costs.

The propriety of granting such costs depends upon the evidence which appeared before the referee, and not upon the facts found by his report.

Although the plaintiff substantially succeeds in an equity action, it is not error to allow the costs of the action against him, and the appellate court will not review such question unless the evidence is presented by a case.

*Third Department, General Term, November,* 1878.

*Before* LEARNED, *P. J.,* BOCKES *and* BOARDMAN, *JJ.*

THIS is an appeal from only so much of the judgment as awards $715.55 costs to the defendants in an equity action, notwithstanding the plaintiffs have substantially succeeded.

The plaintiffs made a case and proposed only a portion of the evidence. The defendants proposed to amend by inserting all of the evidence.

As it was voluminous the plaintiffs served a notice to waive the case and rely upon the report and exceptions thereto, and printed the same.

The defendants moved at the general term, held at Bing-

hamton in May, 1878, to dismiss the appeal because the printed papers served did not contain the case, which motion was denied without costs.    The case is now brought on for argument.

*R. A. Parmenter*, for the defendants, contended that the court should not hear the appeal unless the case was handed up as a part of the appeal papers.

*E. F. Bullard*, for the plaintiffs, claimed that the facts found and the decision of the referee presented the following facts :

The amended complaint avers the defendant Henry S. Ranken, put his brother Peter into the firm with the two plaintiffs and afterwards by their joint act the plaintiffs were defrauded.

The defendants procured the plaintiffs to give a chattel mortgage for $8,656, October 6, 1871.

Afterwards H. Ranken & Co. procured Peter to give a second chattel mortgage in the name of the plaintiffs' firm for $5,000, August 2, 1872, without their knowledge.

The defendants, H. Ranken & Co., without any demand, advertised to sell $15,000 worth of machinery under said two chattel mortgages for February, 26, 1873.

They filed a renewal September 19, 1872, which was after they had taken the $5,000 mortgage, claiming $8,656.11 due on the oldest mortgage.

Just before this suit was begun, Peter gave a bill of sale of all the property to his brother's firm.

The plaintiffs alleged that less than $4,000 was due the said Ranken & Co. on their mortgages.

The plaintiffs prayed that an account be taken of all sums due by the plaintiffs' firm to said H. Ranken & Co. and offered to pay any sum that should be adjudged to be due to said H. Ranken & Co. on said chattel mortgages or either of them, etc.

The suit was begun February 25, 1873, only one day before sale was to take place on chattel mortgages.

The said H. S. and W. J. Ranken, by answer, aver that the $5,000 mortgage was given to secure a pre-existing indebtedness, etc.

They aver that $10,177.17 was due them on the two mortgages April 1, 1873, to which add interest to the date of report (August 10, 1877), making their total claim $13,264,19, besides $480 they claimed for costs on chattel mortgage.

The plaintiffs' whole property would have been sacrificed, under this claim, if this suit had not been commenced to restrain the sale. The defendants claimed affirmative relief and asked to recover the above amount.

The plaintiffs replied thereto.

By the report of referee it is found that these defendants induced Palmer to buy into this mill and assume an old debt of theirs of $4,500.

The plaintiffs desired an honest partner with capital and defendants promised to aid them in procuring one. Henry S. Ranken, one of the firm of H. Ranken & Co., decided to put in his brother Peter.

September 20, 1870, it was agreed that Peter should be taken in as a partner with plaintiff, with restricted powers, among which it was agreed he should not sign the firm name or create firm liabilities, and that defendants would attend to the plaintiffs' financial business and see that their books were correctly kept.

That the defendants would be responsible for the conduct of said Peter.

That the plaintiffs were not experienced bookkeepers and supposed the books were correct until this action was commenced.

That the books were fraudulently kept by said Peter or by Clark, the agent of the other defendants, and the defendants knew of that fact, or might, with ordinary care, have known the same.

Palmer agt. Ranken.

That the defendants fraudulently procured the largest mortgage to be signed.

That about February twentieth the defendants advertised to sell under mortgages February 26, 1873, without the plaintiffs' knowledge, and claimed more than was their due, and would have sold, if they had not been restrained by injunction.

The said Peter and Clark made false entries.

The defendants knew or might have known of said frauds.

By reason of the fraud of Peter, and the negligence of the other defendants, the referee deducts $6,303.04 from the amount claimed by them.

| | |
|---|---:|
| Instead of the sum claimed by defendants.... | $13,264 19 |
| The referee allowed only .................. | 2,518 25 |
| | $10,745 94 |

The defendants, therefore, recovered only about one-fifth of the amount they claimed in their answer, but allowed defendants costs.

The plaintiffs excepted to the allowance of costs.

The plaintiffs have already paid the damages.

*Mr. Bullard* argued:

I. Upon the facts found it was unjust and inequitable to allow costs to the defendants. They made a fraudulent claim and would have sacrificed the plaintiffs' property in consequence of claiming an excessive amount if the plaintiffs had not brought this suit.

They have attempted to defraud the plaintiffs, and been convicted, and now ask the plaintiffs to pay the costs of their conviction. The plaintiffs should have been allowed costs.

II. The decision of the referee is subject to review in this

court (54 *N. Y.*, 397; 70 *N. Y.*, 101; *Law* agt. *McDonald,* 9 *Hun,* 27; 10 *id.,* 273; 6 *W. Dig.,* 40).

III. At all events the most the defendant could claim in any view would be that no costs should be allowed to either party.

The plaintiffs, therefore, ask that the judgment be modified so as to allow the plaintiffs to recover the costs of this action and of this appeal to be adjusted; or, second, that the judg-ment below be modified by striking out the costs allowed to the plaintiffs. We claim the plaintiffs should be allowed costs of the appeal in either event.

THE COURT decided that the judgment must be affirmed, as it could not tell, from the report, whether costs had been properly allowed unless the evidence was presented, and that the propriety of granting such costs depends upon the evidence and not upon the facts found or the decision given. The plaintiff's counsel then asked for liberty to present the case, and it was granted upon payment of ten dollars costs and the cause put over the term.